### UNITED STATE DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 21-487 (RBK) |
| | : | |
| v. | : | |
| | : | |
| JOSEPH GEROMINI | : | |

### CERTIFICATION OF J. PHILIP KIRCHNER IN SUPPORT OF FLASTER/GREENBERG P.C.'S MOTION FOR LEAVE TO WITHDRAW AS DEFENDANT'S COUNSEL

I, J. Philip Kirchner, Esquire, hereby certify as follows:

1. I am a shareholder of Flaster/Greenberg P.C. ("F/G"), counsel for defendant, Joseph Geromini in this matter. I submit this certification in support of F/G's motion for leave to withdraw as Mr. Geromini's counsel. Except where noted, I have personal knowledge of the facts contained in this certification.

2. Mr. Geromini contacted me unsolicited in May of 2020 and asked me if I would agree to represent him in response to an investigation of him being conducted by the US Attorney's Office and the SEC, involving alleged violations by Mr. Geromini of the federal securities laws in connection with his position as a former officer of Group K Diagnostics, Inc.

3. Mr. Geromini knew from my firm's website that I, although I do represent defendants in civil securities fraud litigation and in response to government investigations, I do not handle criminal matters of any kind. He agreed to retain me to represent him.

4. I sent Mr. Geromini an engagement letter dated May 30, 2020. Mr. Geromini executed the engagement letter on June 6, 2020. A true and correct copy of the executed engagement agreement is attached hereto as **Exhibit 1**.

5. The engagement agreement provided in paragraph 1 that I would be representing Mr. Geromini in response to the investigation of possible securities fraud. <u>See</u> Exhibit 1, ¶ 1.

6. In paragraph 6, I requested a $5,000 retainer payment, which Mr. Geromini paid. <u>See</u> Exhibit 1, ¶ 6.

7. Over the next year, I devoted my time to reviewing the relevant documents, interviewing witnesses, and talking with both the US Attorney and SEC about settlement. During that time, I had countless meetings, emails, and phone calls with Mr. Geromini. I also had three meetings with representatives of the US Attorney's Office, the FBI, and the SEC, two at F/G's office in Cherry Hill, NJ and one at the US Attorney's office in Trenton, NJ.

8. On May 21, 2021, Mr. Geromini consented to a settlement with the SEC. A true and correct copy of the Consent and Judgment to which Mr. Geromini agreed is attached hereto as **Exhibit 2.**

9. I had several settlement negotiations with Eric Boden, Esquire, AUSA, about a plea bargain agreement between Mr. Geromini and the US Attorney. On March 11, 2021, Mr. Boden sent me a letter in which he outlined a proposed plea agreement with Mr. Geromini.

10. I reviewed the terms of the proposed plea agreement with Mr. Geromini, but he rejected it.

11. Mr. Boden and I had further discussions about settlement, but we were unable to reach an agreement to which Mr. Geromini would consent.

12. In mid-June 2021, a grand jury convened by the US Attorney indicted Mr. Geromini, and he was arrested on June 23, 2021.

8613295 v1

13. I entered my appearance for Mr. Geromini in the criminal matter for the sole purpose of protecting his interests at the bail hearing and for the entry of a plea of Not Guilty, both of which happened immediately after his arrest. Mr. Geromini understood that he needed to retain new counsel to represent him in the criminal proceeding.

14. I offered to help Mr. Geromini find replacement counsel to represent him in the criminal proceeding.

15. In a phone conference call on July 6, 2021, I introduced Mr. Geromini to a senior partner at one of the major Philadelphia law firms, whom I knew, and who specializes in defending persons accused by the US Attorney of securities fraud. After that phone call, Mr. Geromini agreed to hire the Philadelphia firm to defend him.

16. However, as of this date, Mr. Geromini has not retained counsel to replace me, so I am still counsel of record.

17. I should have moved for leave to withdraw much earlier in this case, but I did not want to leave Mr. Geromini unrepresented and I believed he was doing everything he could to retain new counsel. However, I now believe I have no choice but to move the court for leave to withdraw.

18. I understand that the court wants to get this matter scheduled for a trial date, but I do not believe I can fairly do that on Mr. Geromini's behalf, knowing my intention to withdraw, either by substitution of new counsel or by leave of court as soon as possible.

19. I explained my dilemma to AUSA Boden, who graciously agreed to ask the court for an additional continuance, which the court granted.

20. However, the current order continuing the case expires on November 30, 2021, which is now less than two weeks away.

8613295 v1

21. I am concerned that, if I do not ask now to be permitted to withdraw, I will be left to try a case that I am not qualified to handle, in an area of law in which I have no experience. I do not believe that would be fair to Mr. Geromini.

22. For that reason, I respectfully request leave for F/G to withdraw as Mr. Geromini's counsel.

I do hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

  /s/ J. Philip Kirchner          
J. Philip Kirchner

DATED:  November 17, 2021

# EXHIBIT  1



J. PHILIP KIRCHNER, ESQUIRE
Member of NJ & PA Bar
Direct Dial  (856) 661-2268
E-Mail:  phil.kirchner@flastergreenberg.com

May 30, 2020

***By email only: Joseph Geromini <ackfog@aol.com>***
Mr. Joseph Geromini
205 Arlington Ave.
Linwood, NJ 08221

RE:   **Engagement Agreement for Legal Services**

Dear Joe:

This letter is to confirm and formalize the terms of our engagement to provide legal services to you.  If the following accurately describes your understanding of our engagement, please sign this letter below and return it to me.

To better acquaint you with the lawyers in our firm, including myself, and our respective qualifications, I direct you to our firm website www.flastergreenberg.com, where you will find detailed biographical material on the lawyers in our firm and the scope of our firm's practice.

1.   **SCOPE OF ENGAGEMENT**.  Our initial engagement is to represent you in response to a letter to you from the United States Attorney's Office, District of New Jersey, in connection with its investigation of possible claims of securities fraud and other federal crimes. If additional services are requested by you, and we agree to perform those services, our engagement for those services also will be governed by the terms of this letter, unless we execute a new written engagement agreement.

2.   **NATURE OF SERVICES TO BE PROVIDED**.  Our engagement may include analysis, negotiations, research, investigation, correspondence, communication, preparation and drafting of legal documents, and related work to properly represent you.

3.   **LEGAL FEES**.  Our fee will be based upon the time spent by the attorneys and paralegals who work on the matter.  Our current hourly rates for services by attorneys range from $315 -- $650 and for paralegal work from $145 -- $230.  At present, I anticipate that most of the work on your matter will be done by me at a current hourly rate of $625.  Our hourly rates are normally revised annually, on January 1.  Our time charges are recorded in increments of tenths of an hour (i.e., in six-minute intervals).

4.   **COSTS AND EXPENSES**.  In addition to the fees for the services that we render, you will be expected to pay for certain costs and expenses incurred in connection with our representation.  To effectuate this in the simplest and most cost-effective fashion for our clients, we will charge an amount equal to five percent of our total time-charges on your matter to cover all routine telephone, postage, fax transmissions and photocopying expenses.  We will

bill for the other types of disbursements to the extent specifically incurred (including charges for filing your copyright application, photocopying of more than 100 pages, filing fees, database research at established rates reflecting both system and usage costs, document binding costs, messenger services, certified, registered, and express mail, advances for experts, deposition costs, investigative costs, etc.).

5.      **BILLING STATEMENTS**.  We will normally submit a billing statement monthly.  Our statements are due upon receipt.  If a statement is not paid within 30 days of the statement date, a finance charge computed at the periodic rate of 1.5% simple interest per calendar month (*i.e.*, to produce an approximate effective Annual Percentage Rate of 18% on the unpaid principal balance) will be imposed on your account balance that is outstanding after 30 days.

6.      **RETAINER REQUIREMENT**.  I am enclosing with this Engagement Agreement our request for a retainer payment in the amount of $5,000 as an advance toward the payment of fees and costs.   It will be placed in our attorney trust account at PNC Bank, Moorestown, New Jersey.  The retainer will be held and applied to your last bill for this matter.  Upon completion of our engagement, any remaining balance of your retainer will be refunded to you.

7.      **CLIENT FUNDS - IOLTA**.  All client funds, including but not limited to retainer payments, will be deposited into IOLTA (which stands for Interest On Lawyers Trust Accounts) bank accounts, unless other arrangements are expressly made and mutually agreed to in writing between us and you. An IOLTA account does not provide any interest to us or to you. Instead, as required by New Jersey law, any interest earned will be paid directly by the bank to the NJ state IOLTA Fund. Furthermore, should our firm hold any funds in escrow pursuant to an escrow arrangement to which you are a party, those escrow funds will also be deposited into an IOLTA account, unless other arrangements are expressly made and mutually agreed to in writing between us and all other parties to the escrow arrangement in question.

8.      **PAYMENT BY CREDIT CARD**.  This Firm accepts payment by credit card (Visa, MasterCard, Discover and American Express).  If you would like to pay by credit card, here is a link to use.

https://www.flastergreenberg.com/cherryhillpayment.html

Just click on the Retainer Payment button for further instructions.

9.      **TERMINATION OF ENGAGEMENT**.  Any party may terminate this engagement upon written notice to the other party. If under the circumstances, leave of Court is required, we will file the appropriate application with the Court if we seek to terminate the engagement.  In the event that our engagement is terminated and there are outstanding fees or expenses due to us, we will retain a lien on your files to the extent permitted by law.  We may also suspend our representation, upon notice to you, until our billing statements (including retainer requests) are paid. You will additionally be responsible for any time charges and costs we incur to collect any past due billed amounts.

Page 3

10.     **INQUIRIES**.  If you have any questions concerning the terms of this engagement, please do not hesitate to contact me.

11.     **COMMUNICATIONS**.  Our firm is capable of sending and receiving messages and documents via unencrypted e-mail. Although we find that e-mail can have significant advantages over the other forms of communication in terms of convenience and speed, unencrypted e-mail transmissions are not completely secure and could potentially be intercepted by third parties.  It is our general practice to utilize e-mail, and by signing this engagement letter you authorize the use of e-mail unless you advise us in writing that you do not. Our firm periodically purges our files, both our hard-copy files and our electronic files. You agree that we may discard and/or destroy documents and records, including e-mail records, as we deem appropriate from time to time. You should always retain copies of contracts and other documents for your own files.

12.     **PRIVACY**.  In the course of providing legal services to you, we may receive significant personal financial information about you either from you or with your authorization. Of course, employees of our firm who work on your file need to access that information in connection with the provision of services to you.  You should know that all information that we receive about you is held in strict confidence and is not disseminated to any person or entity outside this law firm, except as agreed to by you or as required under the applicable law.

13.     **CHOICE OF LAW/FORUM/PERSONAL AND SUBJECT MATTER JURISDICTION**.  This Agreement and all questions relating to its validity, interpretation, performance and enforcement shall be governed by, and construed in accordance with, the laws of the State of New Jersey, without giving effect to the principles of conflicts of laws. You agree that the state or federal courts of New Jersey located in Camden County, New Jersey shall be the exclusive forums for litigation concerning this Agreement or any aspect of our engagement.  You consent to personal jurisdiction in such courts and you consent to service of process by notice sent by regular mail to the address set forth above and/or by any means authorized by New Jersey law.

If the foregoing arrangements are acceptable to you, please sign and return this letter with the requested retainer.

We are pleased by your decision to engage us and we look forward to working with you.

Very truly yours,

**FLASTER/GREENBERG P.C.**

/s/ J. Philip Kirchner

J. Philip Kirchner, Esquire

8602467 v1

Page 4

ACCEPTANCE BY CLIENT:

I have reviewed the above Engagement Agreement carefully and agree to its terms and conditions.

Date:  June 6, 2020

*Joseph P Geromini*

Joseph Geromini

**Dominiano, Kim**

| | |
|---|---|
| **From:** | Joseph Geromini <ackfog@aol.com> |
| **Sent:** | Tuesday, June 2, 2020 8:09 AM |
| **To:** | Kirchner, Phil |
| **Subject:** | Re: Engagement Agreement |
| **Attachments:** | Signed Flaster Greenberg.doc |

Hi Phil,

Sorry in the delay...issues in Philadelphia wreaked some havoc on our business.  Signed Agreement attached. Is it possible to wire the $5,000.00?


-----Original Message-----
From: Kirchner, Phil <Phil.Kirchner@flastergreenberg.com>
To: 'Joseph Geromini' <ackfog@aol.com>
Sent: Sat, May 30, 2020 9:32 am
Subject: Engagement Agreement

Joe: Here is our standard engagement agreement, along with a request for a $5,000 retainer payment. Let me know if you have any questions or concerns. Otherwise, please sign the letter and return it to me, and arrange for the payment of the retainer. I am looking forward to working with you and developing a strategy to defend you. Phil

# EXHIBIT  2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH GEROMINI,<br><br>Defendant. | C.A. No. 21-12880 |

## CONSENT OF DEFENDANT JOSEPH GEROMINI

1.     Defendant Joseph Geromini ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

     (a)    permanently restrains and enjoins Defendant from violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; and Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; and

     (b)    prohibits Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

1

3.      Defendant agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from May 31, 2019, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats,

offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to

enter into this Consent.

7.     Defendant agrees that this Consent shall be incorporated into the Judgment with

the same force and effect as if fully set forth therein.

8.     Defendant will not oppose the enforcement of the Judgment on the ground, if any

exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby

waives any objection based thereon.

9.     Defendant waives service of the Judgment and agrees that entry of the Judgment

by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms

and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty

days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration

stating that Defendant has received and read a copy of the Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted

against Defendant in this civil proceeding.  Defendant acknowledges that no promise or

representation has been made by the Commission or any member, officer, employee, agent, or

representative of the Commission with regard to any criminal liability that may have arisen or

may arise from the facts underlying this action or immunity from any such criminal liability.

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges

that the Court's entry of a permanent injunction may have collateral consequences under federal

or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

other regulatory organizations.  Such collateral consequences include, but are not limited to, a

statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

      11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in

connection with this proceeding, is a debt for the violation by Defendant of the federal securities

laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the

Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Defendant breaches this agreement, the

Commission may petition the Court to vacate the Judgment and restore this action to its active

docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to

take legal or factual positions in litigation or other legal proceedings in which the Commission is

not a party.

      12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action.  For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

      13.     In connection with this action and any related judicial or administrative

proceeding or investigation commenced by the Commission or to which the Commission is a

party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and

places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile

transmission of notices or subpoenas issued by the Commission for documents or testimony at

depositions, hearings, or trials, or in connection with any related investigation by Commission

staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices

and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on

service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local

rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and

subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to

personal jurisdiction over Defendant in any United States District Court for purposes of

enforcing any such subpoena.

14.     Defendant agrees that the Commission may present the Judgment to the Court for

signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Judgment.

Dated: 5/21/21

Joseph Geromini

On 5/21 , 2021, Joseh Geromini , a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires:

Approved as to form:

MAXWELL E. FINKBEINER
NOTARY PUBLIC OF NEW JERSEY
Commission # 50067703
My Commission Expires 10/5/2022

J. Philip Kirchner
Flaster Greenberg PC
1810 Chapel Ave. West
Cherry Hill, NJ 08002
(856) 661-2268
Attorney for Joseph Geromini

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

C.A. No. 21-12880

JOSEPH GEROMINI,

Defendant.

## JUDGMENT AS TO DEFENDANT JOSEPH GEROMINI

The Securities and Exchange Commission having filed a Complaint and Defendant

Joseph Geromini having entered a general appearance; consented to the Court's jurisdiction over

Defendant and the subject matter of this action; consented to entry of this Judgment without

admitting or denying the allegations of the Complaint (except as to jurisdiction and except as

otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and

waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

     (a)     to employ any device, scheme, or artifice to defraud;

1

    (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)     to employ any device, scheme, or artifice to defraud;

    (b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

2

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section

21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15

U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that

has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l]

or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C.

§ 78o(d)].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty

pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the

Exchange Act.  The Court shall determine the amounts of the disgorgement and civil penalty

upon motion of the Commission.  Prejudgment interest shall be calculated from May 31, 2019,

based on the rate of interest used by the Internal Revenue Service for the underpayment of

federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's

motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a)

Defendant will be precluded from arguing that he did not violate the federal securities laws as

alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this

3

Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be

accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in

the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative

testimony, and documentary evidence, without regard to the standards for summary judgment

contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the

Commission's motion for disgorgement and/or civil penalties, the parties may take discovery,

including discovery from appropriate non-parties.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Judgment or any other judgment, order, consent order, decree or settlement agreement entered in

connection with this proceeding, is a debt for the violation by Defendant of the federal securities

laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the

Bankruptcy Code, 11 U.S.C. §523(a)(19).

4

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.


Dated: _____, 2021


_____
UNITED STATES DISTRICT JUDGE