

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*402 East State Street, Room 430*　　　　　*609-989-2190*
*Trenton, New Jersey 08608*　　　　　*Fax: 609-989-2275*

PCA/PL AGR
USAO2019R01204

December 7, 2023

VIA EMAIL
ckreindler@sheppardmullin.com
Charles Lawrence Kreindler, Esq.
Sheppard, Mullin, Richter & Hampton
333 South Hope Street
43rd Floor
Los Angeles, California 90071

Re:  Plea Agreement with JOSEPH GEROMINI
　　　　Criminal No. 21-487-1 (RBK)

Dear Mr. Kreindler:

This letter sets forth the plea agreement between your client, JOSEPH GEROMINI ("GEROMINI"), and the United States Attorney for the District of New Jersey ("this Office").  This offer will expire on November 3, 2023, if it is not accepted in writing by that date.  If GEROMINI does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

　　　　Conditioned on the understandings specified below, this Office will accept a guilty plea from GEROMINI to Count 2 of the Indictment, Criminal No. 21-487-1 (RBK) that charges GEROMINI with wire fraud, in violation of Title 18, United States Code, Section 1343. If GEROMINI enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against GEROMINI for the securities  and wire fraud scheme related to investors in the technology startup, Pennsylvania Corporate Victim, a Philadelphia-based manufacturer of point-of-care diagnostic tools, from in or around July 2018 through in or around May 2019.  In addition, if GEROMINI fully complies with this agreement, at sentencing, this Office will move to dismiss Count 1 and Counts 3 through 12 of the Indictment. However, GEROMINI agrees that

uncharged or dismissed counts should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or 1B1.3(a).

But, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, GEROMINI agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by GEROMINI may be commenced against him, notwithstanding the expiration of the limitations period after GEROMINI signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1343 to which GEROMINI agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (10 $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon GEROMINI is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence GEROMINI ultimately will receive.

Further, in addition to imposing any other penalty on GEROMINI, the sentencing judge: (1) will order GEROMINI to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order GEROMINI to pay restitution pursuant to 18 U.S.C. §§ 3663A, *et seq.*; (3) may order GEROMINI, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require GEROMINI to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should GEROMINI be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, GEROMINI may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of

- 2 -

the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. Section 3663A and this agreement, GEROMINI agrees to pay full restitution to the victims of this offense and of any relevant conduct, including restitution to the Pennsylvania corporate victim in an amount of $98,083.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on GEROMINI by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of GEROMINI's activities and relevant conduct with respect to this case.

Stipulations

This Office and [Defendant] will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each

reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and GEROMINI waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

GEROMINI understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. GEROMINI understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. GEROMINI wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. GEROMINI understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, GEROMINI waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against GEROMINI. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service or the Securities and Exchange Commission), or any third party from initiating or prosecuting any civil or administrative proceeding against GEROMINI.

- 4 -

No provision of this agreement shall preclude GEROMINI from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that GEROMINI received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between GEROMINI and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

/s/ Patrick C. Askin

By: PATRICK C. ASKIN
Assistant U.S. Attorney

APPROVED:

JASON M. RICHARDSON
Assistant U.S. Attorney
Attorney-In-Charge, Camden Office

I have received this letter from my attorney, Charles L. Kreindler, Esq.  I have read it.  My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, and immigration consequences.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_Joseph Geromini_____          Date: 12/19/2023
JOSEPH GEROMINI


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____  Date:  12/19/2023
CHARLES LAWRENCE KREINDLER, ESQ.

- 6 -

Plea Agreement with JOSEPH GEROMINI

Schedule A

1.  This Office and JOSEPH GEROMINI ("GEROMINI") recognize that the United States Sentencing Guidelines do not bind the sentencing judge.  Each party nevertheless agrees to these stipulations.

2.  The version of the United States Sentencing Guidelines effective November 1, 2023 applies in this case.  The applicable guideline is U.S.S.G. § 2B1.1.

3.  This guideline carries a Base Offense Level of 7 because wire fraud, the offense of conviction, carries a statutory maximum term of imprisonment of 20 years.  U.S.S.G. § 2B1.1(a)(1).

4.  The parties agree that this offense caused an actual loss to the Pennsylvania corporate victim of $98,083, and therefore, pursuant to U.S.S.G. Section 2B1.1(b)(1)(E), the offense level is increased by 8 levels.

5.  The offense involved an abuse of trust by the defendant, and therefore, the offense level is increased by 2 levels.  U.S.S.G. § 3B1.3.

6.  As of the date of this letter, GEROMINI has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged in Count 2 of the Indictment.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if GEROMINI'S acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

7.  As of the date of this letter, GEROMINI has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.  At sentencing, this Office will move for a further 1-point reduction in GEROMINI's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met:  (a) GEROMINI enters a plea pursuant to this agreement, (b) this Office in its discretion determines that GEROMINI's acceptance of responsibility has continued through the date of sentencing and GEROMINI therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) GEROMINI's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

- 7 -

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to GEROMINI (the "agreed total Guidelines offense level") is 14.

9. The parties agree not to seek or argue for any upward or downward departure or adjustment not agreed to in writing between the parties. However, the defendant reserves the right to seek a variance pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a).

10. The government agrees not to oppose the defendant's request for a two-level downward variance from the total offense level calculated by the Court after the completion of Step I of the sentencing hearing. The government reserves the right to oppose any further variance argument or motion by the defendant (beyond the two levels agreed to).

11. If the term of imprisonment does not exceed 18 months, and accept as specified in the paragraph below, GEROMINI will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentenced under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 12 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guideline analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ, or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    i.    Any proceeding to revoke the term of supervised release;

    ii.    A motion for reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

    iii.    An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to

- 8 -

consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).